**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RAUL C. ZAPATA,

      Plaintiff,

v.                                                                          No. CIV-07-0518 BB/RHS

MARTIN CHAVEZ, LT. E. MERCADO,
LT. J. HUDSON, SGT. DEHERREA,
SGT. C. ARGUETA, DET. E.M. GRIEGO,
OFFICER D. VASQUEZ, OFFICER A. SANCHEZ,
OFFICER C. CHAVEZ, OFFICER M. WERLEY,
OFFICER A. BARELA, OFFICER J. MONTOYA,
OTHER UNKNOWN BUT WILL BECOME
KNOWN AT DISCOVERY, STATE OF NEW MEXICO,
CITY OF ALBUQUERQUE, COUNTY OF BERNALILLO,
CITY OF ALBUQUERQUE POLICE DEPARTMENT,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's complaint. Plaintiff is incarcerated, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). The required filing fee for this civil rights complaint is $350.00. Plaintiff will be required to pay the full amount of the filing fee pursuant to § 1915(b)(1). Based on the information about Plaintiff's financial status, the Court finds that Plaintiff is unable to pay an initial partial payment pursuant to § 1915(b)(1). The IFP motion will be granted, and for the reasons below, certain of Plaintiff's claims will be dismissed. The Court will deny Plaintiff's motions for default judgment (Doc. 14) and for disclosure (Doc. 18).

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R.

Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff's complaint names a large number of Defendants and asserts three claims for multiple constitutional violations. As stated in the complaint, the Court notes that Plaintiff has filed other actions with related claims against a number of the Defendants named in this action. In sum, Plaintiff asserts that the Defendants conspired against him, defamed him, used false statements and threats of violence, used interstate wires, violated Plaintiff's right to a speedy trial, and used excessive force against him. For relief, Plaintiff seeks damages and equitable relief.

With the exception of Claim III (excessive force), Plaintiff makes only conclusory assertions of constitutional violations with no supporting factual allegations. On page 3 of the complaint, he appears to assert that his state court conviction resulted from illegal actions by state officials. The Court notes that most of these allegations involving Plaintiff's state criminal proceeding mirror those of his habeas corpus application in *Zapata v. Heredia*, No. CV 07-1177 WJ/LFG. Also, the Court has imposed certain filing restrictions on Plaintiff in the habeas proceeding. *See* No. CV 07-1177 WJ/LFG (Doc. 18). Furthermore, Plaintiff states on page 4 of the complaint that a number of his other actions assert the same claims he makes here. Plaintiff's claims other than those for excessive

force will be dismissed, and he will be allowed to identify the individuals who allegedly used excessive force on him. Failure to respond to this order may result in dismissal of the complaint.

Plaintiff's fourth motion for default judgment will be denied because no Defendant has been served or has accepted service. *See Ashby v. McKenna*, 331 F.3d 1148, 1152 (10th Cir. 2003). The motion for disclosure, which may also amount to a motion for summary judgment, will be denied at this time because the Court does not yet have jurisdiction of Defendants.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed pursuant to 28 U.S.C. § 1915 (Doc. 8) is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff shall make monthly payments of twenty per cent (20%) of the preceding month's income credited to Plaintiff's account or show cause why he has no assets and no means by which to pay the designated filing fee. The Clerk is directed to provide Plaintiff with two copies of the post-filing Financial Certificate;

IT IS FURTHER ORDERED that Plaintiff's motions for default judgment (Doc. 14) and for disclosure (Doc. 18) are DENIED;

IT IS FURTHER ORDERED that, except for the claim of excessive force, Plaintiff's claims are DISMISSED; and within fourteen (14) days from entry of this order, Plaintiff may file a response identifying the individuals who allegedly used excessive force on him.

_____
UNITED STATES DISTRICT JUDGE